## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## TAYLOR MACHINE PRODUCTS, INC., Respondent.

No. 03–1844.

United States Court of Appeals, Sixth Circuit.

May 12, 2004.

Fred L. Cornnell, Jr., Office of the General Counsel, Aileen A. Armstrong, Dep.Asso.Gen.Counsel, William M. Bernstein, Margaret Ann Gaines, Ruth Burdick, Washington, DC, for Petitioner.

Scott D. Norton, Norton & Norton, Birmingham, MI, for Respondent.

Before KENNEDY, MARTIN and ROGERS, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

The National Labor Relations Board applies for enforcement of its order requiring Taylor Machine Products, Incorporated to

make a backpay award to seven discriminatees. For the reasons that follow, we GRANT the Board's application for enforcement of its order.

In March 1992, the International Association of Machinists and Aerospace Workers. AFL–CIO–CLC, Local Lodge 82, District Lodge 60, was elected as the bargaining representative for the employees of Taylor Machine Products ("the Company")-a corporation that produces brass and steel parts. Timely objections were made, the election's results were set aside and a new election was ordered.

In November 1992, the General Counsel for the National Labor Relations Board issued a complaint alleging that the Company had engaged in unfair labor practices both before and after the election in violation of the National Labor Relations Act, 29 U.S.C. § 158(a)(3), (1). Specifically, the complaint alleged, in pertinent part, that the Company had discriminatorily dismissed seven employees for their union activities, in violation Section 8(a)(1) and (3) of the Act, 29 U.S.C. § 158(a)(3), (1). Based on these allegations, the Board held the election order in abeyance pending the outcome of the unfair labor proceedings.

The administrative law judge found that the Company had violated the Act when it dismissed the employees. The Board adopted the administrative law judge's findings and ordered reinstatement and backpay. We granted the Board's application for enforcement of the relevant portion of that order. *NLRB v. Taylor Machine, Inc.*, 136 F.3d 507, 514–18 (6th Cir. 1998).

Thereafter, the current dispute as to the amount of backpay due to each discriminatee arose. On October 26, 1999, the Regional Director of the Board issued a compliance specification that set forth the amount of backpay due to each discriminatee. The Company filed an answer denying the amounts as calculated and made a request for information. On January 28, 2000, General Counsel filed a motion for partial summary judgment. The Board issued notice to show cause for why it should not grant the motion for summary judgment, to which the Company responded contesting the amount of backpay that it owed each discriminatee.

On August 27, 2001, the Board granted the motion for partial summary judgment relating to the amount of backpay owed to the discriminatees and remanded for a hearing on the remaining issues. The Board found that the Company's answers to the Board's compliance specification failed to comply with the requirements of Board Rule 102.56(b), which states that "all matters within the knowledge of the respondent" concerning "factors entering into the computation of gross backpay, a general denial [to a compliance specification] shall not suffice." Specifically, the Board found that the Company did not meet Board Rule 102.56(b)'s requirement that "the answer ... specifically state the basis for such disagreement, setting forth in detail the respondent's position as to the applicable premises and furnishing the appropriate supporting figures." As the Board described, the Company's answer failed to "deal specifically with gross backpay, and the [Company] provides no methodology and supporting figures in its answer to the General Counsel's backpay specification." Accordingly, the Board granted partial summary judgment and remanded for a hearing on the remaining issues, which concerned the discriminatees' medical expenses, job searches and interim earnings.

During this hearing, the Company stipulated to the amount of interim earnings and medical expenses. The administrative law judge issued a second supplemental decision making findings of fact and credi-

bility determinations regarding the discriminatees' job searches and calculated the specific backpay award due to each discriminatee and ordered the Company to pay those amounts. The Board affirmed the administrative law judge's findings and adopted the recommended order. The Board now seeks enforcement of its order. The Company opposes enforcement on the ground that the Board erred in finding that it did not carry its burden of proving that the employees willfully incurred a loss of earnings.[1]

Our review of Board decisions is limited. *Ishikawa Gasket Am., Inc. v. NLRB*, 354 F.3d 534, 537 (6th Cir.2004). This statement is especially true when we review a remedial order that the Board has issued. *See NLRB v. Joyce Western Corp.*, 873 F.2d 126, 128 (6th Cir.1989). The Board is vested with the "primary responsibility and broad discretion to devise remedies that effectuate the policy of the Act, subject only to limited judicial review." *Id.: NLRB v. Gissel Packing Co.*, 395 U.S. 575, 612 n. 32, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). Thus, we review for an abuse of discretion whether the Board erred in fashioning its remedial award. *Id.* In conducting this review, the Board's findings of fact are conclusive unless they are unsupported by substantial evidence. *Ishikawa*, 354 F.3d at 538.

Section 10(c) of the National Labor Relations Act vests broad remedial authority with the Board. *NLRB v. Westin Hotel*, 758 F.2d 1126, 1129 (6th Cir.1985). Once the Board has ordered that backpay be awarded, the General Counsel must only present evidence regarding the gross backpay amount. *See NLRB v. Pheonix Pipe & Tube Co.*, 955 F.2d 852, 854 (6th Cir.1992) ("In a backpay proceeding, the Board's burden is limited to showing 'what would not have been taken from [the employee] if the [employer] had not contravened the Act.'") (quoting *Va. Elec. & Power Co. v. NLRB*, 319 U.S. 533, 544, 63 S.Ct. 1214, 87 L.Ed. 1568 (1943)). Thereafter, the "employer may mitigate his backpay liability by showing that a discriminatee 'willfully incurred' a loss of earnings by a 'clearly unjustifiable refusal to take desirable new employment.'" *NLRB v. Ryder Sys., Inc.*, 983 F.2d 705, 712 (6th Cir.1993) (quoting *Phelps Dodge Corp. v. NLRB*, 313 U.S. 177, 199–200, 61 S.Ct. 845, 85 L.Ed. 1271 (1941)). The willful loss of earnings is an affirmative defense with the burden of proof resting on the employer. *Id.* The Board found that the Company had not met its burden of proof. We agree.

A wrongfully discharged employee need only make reasonable efforts to secure interim employment to mitigate damages and prevent a finding that she has willfully incurred a loss of earnings. *See Westin Hotel*, 758 F.2d at 1130. We have before noted that this is not an onerous burden to meet, it requires only a reasonable job search, not a successful search. *Id.* The Board found that each challenged discriminatee made reasonable efforts to secure employment and, after reviewing the efforts made by each discriminatee to secure employment, we conclude that this decision is supported by substantial evidence.[2]

Accordingly, we GRANT the Board's application for enforcement of its order.

---

1. Because the Company does not oppose enforcement as to discriminatee Josephine Malia, the Board is entitled to summary enforcement of this portion of its order. *See Ishikawa Gasket Am., Inc. v. NLRB*, 354 F.3d 534, 537 (6th Cir.2004).

2. Given the Board's comprehensive opinion, we find it unnecessary to address individually the substantial evidence supporting the backpay awards with respect to each discriminatee.

Given the length of delay that the discriminatees have endured in receiving their backpay awards, the clerk's office is directed to issue the mandate in this case immediately.